David L. Mazaroli (DM-3929)
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

|  |  |  |
|---|---|---|
| FEDERAL INSURANCE COMPANY a/s/o Metalex Manufacturing Inc. | : | ECF CASE |
|  | : |  |
| Plaintiff, | : | 08 Civ. 6149 (RJS) |
|  | : | **COMPLAINT** |
| - against - | : |  |
| CUSTOM EXPEDITE LLC CUSTOM DELIVERY, INC.; | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

------------------------------------------------------------x

## FIRST CAUSE OF ACTION

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against defendants:

1.    Plaintiff Federal Insurance Company is a corporation organized under the laws of one of the fifty states with an office at 55 Water Street, New York, New York, and sues herein as subrogated insurer of the cargo in suit, having paid the insurance claim of Metalex Manufacturing Inc., and for and on behalf of the shipper, consignee and owner of the cargo as their interests may appear.

2.    Defendants Custom Expedite LLC and Custom Delivery Inc. (jointly "Custom") are believed to be corporations organized under the laws of, and with their principal places of business in, certain of the fifty states.

3.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this action arises from the carriage of goods in interstate commerce and is governed by federal statutes and common law related thereto, including the Carmack Amendment to the Interstate Commerce Act of 1887 ("Carmack"), 49 U.S.C. § 14706.

4.     Upon information and belief defendants at all material times were engaged in the business of providing common carrier services for cargo shipments, including the carriage of shipments to, from and within the State of New York, as well as contracting with parties within the State of New York for the provision of such services, and are subject to the *in personam* jurisdiction of this Court.  With respect to the shipment in suit, Custom was at all material times a receiving and/or delivering carrier within the meaning of the Carmack Amendment.

5.     This action involves damage to a shipment consisting of an ATK nozzle assembly (P/N: 1260265) and related parts and equipment which moved, or was intended to move**,** by truck from Cincinnati, Ohio, to Hamption, Virginia, on or about July 6, 2006. (PTA No. 7086; Customer Order no.: G02376, Packing List No.: 38430; Metalex Job No. 2006-5285; Cincinnati Insurance Claim No. 528744)

6.     The damage was caused by Custom's failure to properly load, stow, lash, secure, handle, carry, protect, and care for the cargo in question.

7.     By reason of the aforesaid, plaintiff, and those on whose behalf it sues, has sustained damages in the amount of $233,120.72, no part of which has been paid although duly demanded.

8.     Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

9.     Plaintiff, and those on whose behalf it sues, has performed all conditions precedent required of it under the premises.

**SECOND CAUSE OF ACTION**

10.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 9 of this complaint.

11.     On or about July 6, 2006 the cargo in suit was delivered in good order and condition into the custody and control of Custom for purposes of transportation and related services to the agreed destination.

12.     Custom failed to deliver the cargo at the agreed destination in the same good order and condition.  Instead the cargo sustained damage during transport which rendered it unfit for intended usage.  According to Custom the damage arose due to a July 6, 2006 road incident at or near Institute, West Virginia, while the carrying vehicle was traveling east on Interstate 64.

13.     As a result of the aforesaid, Custom is liable to plaintiff as common carrier and/or bailee for hire.

**THIRD CAUSE OF ACTION**

14.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 9 of this complaint.

15.     The damage to the shipment in suit was caused in whole or in part by the negligence of Custom, including but not limited to the breach of its duties to properly load, stow, carry and protect the cargo during all periods of custody.

16.     Said breaches of duties by Custom proximately caused the shipment to be damaged during transport as hereinabove set forth.

WHEREFORE, plaintiff demands judgment against defendants jointly and severally:

a)     for the sum of $233,120.72;

b)     for prejudgment interest at the rate of
9% per annum;

c)     for the costs of this action;

d)     for such other and further relief as
this court deems proper and just.

Dated:   New York, New York
July 3, 2008

LAW OFFICES,
DAVID L. MAZAROLI

*s/David L. Mazaroli*
_____
David L. Mazaroli (DM 3929)
Attorney for Plaintiff
11 Park Place - Suite 1214
New York, New York 10007
Tel.: (212)267-8480
Fax.: (212)732-7352
E-mail: dlm@mazarolilaw.com
File No.: 7C-1596